IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDELMIRO GUADALUPE** | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 04-5685 |
| **GEORGE PATRICK, ET AL.,** | : | |
| Respondents, | : | |
| | : | |

### ORDER

**AND NOW**, on this ____ day of March, 2006, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation (the "R&R") of United States Magistrate Judge Thomas J. Rueter (Doc. 11) and Petitioner's Objections (Doc. 13), **IT IS HEREBY ORDERED AND DECREED** that:

1. The R&R is **APPROVED** and **ADOPTED**;

On December 2, 1991, Petitioner pled guilty to rape. On December 8, 2004,[1] *pro se* Petitioner filed the instant habeas petition with the Court seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (R&R at 3.)

Title 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), creates a one-year time limit for filing a habeas corpus petition and in relevant part provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[1] The petition is dated December 3, 2004.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such reviews;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). *See generally Fahy v. Horn*, 240 F.3d 239 (3d Cir.), *cert. denied*, 534 U.S. 944 (2001); *Lovasz v. Vaughn*, 134 F.3d 146 (3d Cir. 1998).

Petitioner's conviction became final on January 1, 1992. (R&R at 4.) This date represents thirty (30) days after the trial court accepted Petitioner's guilty plea and entered his sentence on December 2, 1991. *See* Pa. R. App. P. 903 (notice of appeal to Superior Court "shall be filed within 30 days after the entry of the order from which appeal is taken.") Thus, Petitioner had until January 1, 1993 to file a timely habeas petition.[2] (R&R at 4.)

The one-year statute of limitations is tolled during the time Petitioner had pending in state courts a properly filed PCRA petition. *See* 28 U.S.C. § 2244 (d)(2) (providing that the time during which a "properly filed" petition for collateral relief is pending is not counted

---

[2] 28 U.S.C. § 2244(d)(1)(A) provides that the statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." None of the other possible "start dates" listed in § 2244(d)(1)(B), (C) and (D) apply here.

toward the one-year statute of limitations).  Petitioner filed his first PCRA petition on November 8, 1995.  (R&R at 5.)  By Order dated August 8, 1996, the Court granted Petitioner's motion to withdraw his petition and dismissed the petition with prejudice.  *Id*.  The Commonwealth acknowledges that Petitioner's first PCRA petition was filed timely.  (Resp. at 8).  Since the first PCRA was properly filed, it worked to toll the running of the AEDPA statute of limitations.  The statute of limitations tolled and did not begin to run until August 8, 1996.  Hence, Petitioner had one year from that date, until August 8, 1997, to file a timely habeas petition.[3]  Petitioner filed his instant petition on December 8, 2004, over seven years after the statute of limitations.  (R&R at 5.)

Finally, Petitioner has failed to show that the statute of limitations should be equitably tolled or that the Commonwealth of Pennsylvania misled him regarding the required date to file his federal habeas corpus petition.

2.    Petitioner's Motion to Appoint Counsel and for Extension of Time to File Objection (Doc. 12) are **DISMISSED AS MOOT** and Petitioner's Objections to the Magistrate Judge's R&R (Doc. 13) have been filed and are  **OVERRULED**;

3.    The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED**;

---

[3] Petitioner's second and third PCRA petitions do not toll the statute of limitations because they were filed on January 5, 1999 and December 5, 2001, respectively, long after the AEDPA statute of limitations expired on August 8, 1997.  *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004); *see also Lindsay v. DiGuglielmo*, No. 05-712, 2005 WL 2782627, at *5 (E.D. Pa. Oct. 24, 2004) (PCRA petition filed after AEDPA statute of limitations expires, cannot toll the statute of limitations.)  Moreover, Petitioner's second and third PCRA petitions were determined by the Pennsylvania Superior Court to be untimely.  *See Commonwealth v. Guadalupe*, 844 A.2d 1280 (Pa. Super. Ct. 2003).

4. A certificate of appealability is **NOT GRANTED**.

5. The Clerk of the Court shall mark this case as **CLOSED.**

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**